**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **KENNETH BRYANT,** | § | |
| **BRYANT ENTERPRISES, LLC,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **CARSTEN JASON GALLINI,** | § | **1: 24-CV-00986-DII** |
| | § | |
| **Defendant.** | § | |

---

### DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

---

Defendant Carsten Jason Gallini files this Answer, Affirmative Defenses and Counterclaim to Plaintiffs' Original Complaint (hereinafter referred to as "Complaint"):

### DEFENDANT'S ORIGINAL ANSWER

Defendant first enters a general denial of all claims and causes of action against Defendant. Defendant further denies any and all allegations made by Plaintiffs in section titles and headings. Defendant advances that Defendant lacks knowledge and information sufficient to answer on behalf of a non-party, Bryan Fields, whom Plaintiffs have intertwined throughout Plaintiffs' Complaint against Defendant and as such, Defendant denies all related allegations unless Defendant specifically answers an admittance to a particular paragraph or part thereof.

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to the allegations in each corresponding paragraph of the Complaint as follows:

1

## I.  INTRODUCTION

1.      Defendant denies the allegations contained within paragraph 1 of the summary introduction of the Complaint.

2.      Defendant denies the allegations contained within paragraph 2 of the summary introduction of the Complaint.

3.      Defendant denies the allegations contained within paragraph 3 of the summary introduction of the Complaint.

## II.      THE PARTIES

### A.      PLAINTIFFS

4.      Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

5.      Defendant admits only so much of Paragraph 5 of the Complaint that alleges that Bryant Enterprises, LLC is a limited liability company and appears to exist in the State of North Carolina. Defendant denies the remaining allegations of paragraph 5 of the Complaint.

6.      Defendant lacks specific knowledge to admit or deny the allegations in paragraph 6 and as such, denies the same.  Defendant does acknowledge that Plaintiffs may be contacted through Plaintiffs' Texas legal counsel, however, Plaintiffs do maintain a civil action against Defendant in the State of North Carolina with separate legal counsel in that state.

7.      Defendant lacks specific knowledge to admit or deny the allegations in paragraph 7 and as such, denies the same.

**B.      "THE DEFENDANT…" -** Defendant admits that he is a defendant in this civil action but denies all remaining allegations in this section header.

8.    Defendant admits only so much of paragraph 8 of the Complaint that alleges that Plaintiff is an individual whose principal residence is located in Williamson County, Texas, and that he may be served wherever he may be found.  Defendant denies all remaining allegations of this paragraph.

9.    Defendant denies the allegations of the first sentence of paragraph 9 of the Complaint and lacks specific knowledge to admit or deny the remaining allegations of the paragraph regarding non-party Bryan Fields.

10.    Defendant lacks specific knowledge to admit or deny the allegations in paragraph 10 and as such, denies the same.

11.    Defendant lacks specific knowledge to admit or deny the allegations in paragraph 11 of the Complaint except for the last sentence thereof, which Defendant specifically denies. Defendant denies all remaining allegations in paragraph 11 of the Complaint.

12.    Defendant denies in part the allegations in paragraph 12 and admits in-part, only to the extent that Defendant posted links to a website on a public social media web forum. Defendant denies all remaining allegations in paragraph 12.

13.    Defendant denies the allegations in paragraph 13 of the Complaint.

### III.        JURISDICTION AND VENUE

14.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied except that Defendant is a citizen of the State of Texas.

15.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied except that Defendant resides in this district.

## IV.    FACTUAL ALLEGATIONS

A.    **(Plaintiffs' Section Header)** Defendant denies the allegations in this paragraph.

16.    Defendant denies the allegations in paragraph 16 of the Complaint.

17.    Defendant lacks specific knowledge to admit or deny the allegations in paragraph 17 regarding a non-party and as such, denies the same.

18.    Defendant lacks specific knowledge to admit or deny the allegations in paragraph 18 and as such, denies the same.

19.    Defendant lacks specific knowledge to admit or deny the allegations in paragraph 19 of the Complaint and as such, denies the same. Defendant knows of the storied event stated in paragraphs 19 – 21 of the Complaint ex post facto as related by both Plaintiff Kenneth Bryant and non-party Bryan Fields. Defendant was not a party to the event and denies any allegations made related thereto regarding Defendant.

20.    Defendant lacks specific knowledge to admit or deny the allegations in paragraph 20 of the Complaint and as such, denies the same.

21.    Defendant lacks specific knowledge to admit or deny the allegations in paragraph 21 of the Complaint and as such, denies the same. Defendant knows of the storied event ex post facto as related by both Plaintiff Kenneth Bryant and non-party Bryan Fields at various times.

22.    The allegations of paragraph 22 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

23.    Defendant denies the allegations of paragraph 23 of the Complaint.

24.    Defendant admits in-part that Defendant published publicly available information at a Facebook group but any allegations, including those contained in the documents attached to

the Complaint as exhibits, which have not been expressly admitted in paragraph 24 of the Complaint and its sub-parts paragraphs A – D are denied.

25.    Defendant denies the allegations of paragraph 25 and its sub-parts A – C, including any allegations contained in the picture embedded in the Complaint as alleged demonstrative evidence.

26.    Defendant denies the allegations of paragraph 26 and its sub-parts, A – C.

27.    Defendant denies the allegations of paragraph 27 of the Complaint.

28.    Defendant denies the allegations of paragraph 28 and its sub-parts, A and B.

**B.**    **(Plaintiffs' Section Header)** Defendant denies the allegations in this paragraph.

29.    Defendant denies the allegations of paragraph 29 of the Complaint.

30.    Defendant denies the allegations of paragraph 30 of the Complaint.

31.    Defendant denies the allegations of paragraph 31, including any allegations contained in the picture embedded in the Complaint as alleged demonstrative evidence.

32.    Defendant denies the allegations of paragraph 32 of the Complaint.

33.    Defendant denies the allegations of paragraph 33 of the Complaint.

34.    Defendant denies the allegations of paragraph 34 of the Complaint.

35.    Defendant denies the allegations of paragraph 35, including any allegations contained in the pictures embedded in the Complaint as alleged demonstrative evidence.

36.    Defendant denies the allegations of paragraph 36 of the Complaint.

37.    Defendant denies the allegations of paragraph 37 of the Complaint.

38.    Defendant denies the allegations of paragraph 38 of the Complaint.

39.    Defendant lacks specific knowledge to admit or deny the allegations in paragraph 39 and as such, denies the same.

40.    Defendant admits in part that Defendant knows of Hamvention and the approximate dates for session in year 2023 but Defendant lacks specific knowledge to admit or deny the allegations in paragraph 40 and as such, Defendant denies the same.

41.    Defendant lacks specific knowledge to admit or deny the allegations in paragraph 41 and as such, denies the same.

42.    Defendant admits in part that Defendant attended Hamvention in 2023, but Defendant denies all remaining allegations of paragraph 42 of the Complaint.

43.    Defendant lacks specific knowledge to admit or deny the allegations regarding DMR-MARC in paragraph 43 of the Complaint.  Defendant denies all other allegations of paragraph 43 of the Complaint.

44.    Defendant lacks specific knowledge to admit or deny the allegations in paragraph 44 and as such, denies the same.

45.    Defendant lacks specific knowledge to admit or deny the allegations in paragraph 45 and as such, denies the same.

46.    Defendant denies the allegations of paragraph 46, including any allegations contained in the picture embedded in the Complaint as alleged demonstrative evidence.

47.    Defendant denies the allegations of paragraph 47 of the Complaint.

48.    Defendant lacks specific knowledge to admit or deny the allegations in paragraph 48 and as such, denies the same.

49.    The allegations of paragraph 49 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

50.    The allegations of paragraph 50 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

C.    **(Plaintiffs' Section Header)** Defendant denies the allegations in this paragraph.

51.    Defendant denies the allegations of paragraph 51, including those contained in the documents attached to the Complaint as exhibits 9 and 10.

52.    Defendant denies the allegations of paragraph 52 of the Complaint.

53.    Defendant lacks specific knowledge to admit or deny the allegations in paragraph 53 and as such, denies the same.

54.    Defendant lacks specific knowledge to admit or deny the allegations in paragraph 54 and as such, denies the same.

55.    Defendant lacks specific knowledge to admit or deny the allegations in paragraph 55 and as such, denies the same.

56.    Defendant lacks specific knowledge to admit or deny the allegations in paragraph 56 and as such, denies the same.

57.    Defendant lacks specific knowledge to admit or deny the allegations in paragraph 57 and as such, denies the same.

58.    The allegations of paragraph 58 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

59.    The allegations of paragraph 59 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

60.     The allegations of paragraph 60 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

61.     The allegations of paragraph 61 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

62.     The allegations of paragraph 62 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

63.     Defendant denies the allegations in the first sentence of paragraph 63 and lacks specific knowledge to admit or deny the remaining allegations in paragraph 63 and as such, denies the same.

64.     Defendant denies the allegations of paragraph 64 of the Complaint.

65.     The allegations of paragraph 65 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

66.     Defendant denies the allegations of paragraph 66 of the Complaint.

### V.    CAUSES OF ACTION

### A.    FIRST CLAIM FOR RELIEF

67.     Debtor incorporates all preceding paragraphs hereinabove as if fully stated herein in response to paragraph 67.  To the extent the allegations require a further answer, they are denied.

68.     The allegations of paragraph 68 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

69.     The allegations of paragraph 69 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

70.     The allegations of paragraph 70 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

71.     The allegations of paragraph 71 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

**B.     SECOND CLAIM FOR RELIEF**

72.     Debtor incorporates all preceding paragraphs hereinabove as if fully stated herein in response to paragraph 72.  To the extent the allegations require a further answer, they are denied.

73.     The allegations of paragraph 73 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

74.     The allegations of paragraph 74 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

75.     The allegations of paragraph 75 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

**C.     THIRD CLAIM FOR RELIEF**

76.     Debtor incorporates all preceding paragraphs hereinabove as if fully stated herein in response to paragraph 76.  To the extent the allegations require a further answer, they are denied.

77.     The allegations of paragraph 77 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

78.     The allegations of paragraph 78 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

79.     The allegations of paragraph 79 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

80.     The allegations of paragraph 80 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

**D.     FOURTH CLAIM FOR RELIEF**

81.     Debtor incorporates all preceding paragraphs hereinabove as if fully stated herein in response to paragraph 81.  To the extent the allegations require a further answer, they are denied.

82.     The allegations of paragraph 82 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

83.     The allegations of paragraph 83 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

84.     The allegations of paragraph 84 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

85.     The allegations of paragraph 85 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

**E.      FIFTH CLAIM FOR RELIEF**

86.     Debtor incorporates all preceding paragraphs hereinabove as if fully stated herein in response to paragraph 86.  To the extent the allegations require a further answer, they are denied.

87.     The allegations of paragraph 87 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

88.     The allegations of paragraph 88 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

F.    SIXTH CLAIM FOR RELIEF

89.    Debtor incorporates all preceding paragraphs hereinabove as if fully stated herein in response to paragraph 89.  To the extent the allegations require a further answer, they are denied.

90.    The allegations of paragraph 90 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

91.    The allegations of paragraph 91 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

92.    The allegations of paragraph 92 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

G.    SEVENTH CLAIM FOR RELIEF

93.    Debtor incorporates all preceding paragraphs hereinabove as if fully stated herein in response to paragraph 93.  To the extent the allegations require a further answer, they are denied.

94.    The allegations of paragraph 94 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

95.    The allegations of paragraph 95 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

96.    The allegations of paragraph 96 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

97.    The allegations of paragraph 97 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

98.    The allegations of paragraph 98 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

99.    The allegations of paragraph 99 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

## VI.    DAMAGES

100.    The allegations of paragraph 100 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

101.    The allegations of paragraph 101 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

102.    The allegations of paragraph 102 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

103.    The allegations of paragraph 103 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

104.    The allegations of paragraph 104 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

## VII.    CONDITIONS PRECEDENT

105.    The allegations of paragraph 105 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

## VIII.   JURY DEMAND

106.    Defendant hereby also requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## IX.    PRAYER

This part of Plaintiffs' Complaint sets forth Plaintiffs' request for relief, to which no response is required. To the extent that a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested or to any relief at all.

## X.    GENERAL DENIAL BY DEFENDANT

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation of Plaintiffs' Complaint, including exhibits or documents attached to Plaintiffs' Complaint.

## XI.    AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.      The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2.      Plaintiffs claims are barred, in whole or in part, by the applicable statute of limitations.

3.      More specifically, Plaintiffs plead the causes of action for defamation that are subject to a one-year statute of limitations.  *See* Tex. Civ. Prac. & Rem. Code § 16.002(a).  An action for defamation accrues when the defamatory statement is published.  *See San Antonio Credit Union v. O'Connor*, 115 S.W.3d 82, 96 (Tex. App.—San Antonio 2003, pet. denied). Yet, the discovery rule can apply to an action for defamation when a defamatory statement is "inherently undiscoverable" or not a matter of public knowledge.  *Velocity Databank, Inc. v. Shell Offshore, Inc.*, 456 S.W.3d 605, 609 (Tex. App.—Houston [1st Dist.] 2014, pet. denied); *Newson v. Brod*, 89 S.W.3d 732, 736 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  If this exception rule applies, the limitations period begins to run when the plaintiff learns, or through the exercise of reasonable diligence should have learned, of the existence of the defamatory statement.  *Childs v. Haussecker*, 974 S.W.2d 31, 37 (Tex. 1998).  In this civil case by Plaintiffs, Plaintiffs filed this civil action on or about August 23, 2024.  Thus, Plaintiffs' statutory claim period for alleged claims related to and based upon defamation is one-year prior to the filing of the civil action, according to the statute of limitations, and no exception applies.

4.      The applicable statute of limitations for Plaintiffs' claims for invasion of privacy, intrusion, is two-years prior to the filing of this civil action.  *See* Tex. Civ. Prac. & Rem. Code § 16.003.

5.      The applicable statute of limitations for Plaintiffs' claims for tortious interference with existing contracts and prospective contracts is two years prior to the filing of this civil action.  *See* Tex. Civ. Prac. & Rem. Code § 16.003; *See also First National Bank of Eagle Pass v. Levine, 7*21 S.W.2d 287 (Tex. 1986).

### Third Affirmative Defense

6.      Defendant asserts his right to free speech pursuant to Amendment I of the Constitution of the United States of America and Article I, Section 8 of the Texas Constitution.

### Fourth Affirmative Defense

7.      Defendant, without admitting Plaintiffs allegations and in an abundance of caution, asserts an affirmative defense of truth, substantial truth, protected by a privilege and opinion.

### Fifth Affirmative Defense

8.      Without assuming the burden of proof, Plaintiffs have failed to mitigate their alleged damages.

### Sixth Affirmative Defense

9.      Defendant, without admitting Plaintiffs allegations and in an abundance of caution, asserts an affirmative defense of parody in fair use.

### Seventh Affirmative Defense

10.      Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

## XII.    COUNTERCLAIM

Defendant Carsten Jason Gallini (hereinafter "Counter-plaintiff") submits the following counterclaims against Plaintiffs' Kenneth Bryant and Bryant Enterprises, LLC (individually, "Mr. Bryant" and "Bryant Enterprises"; collectively hereinafter "Counter-defendants"), jointly and severally:

1.      Counter-defendants availed themselves to the jurisdiction of this Court with the filing of the Complaint.

2.      On or about June 11, 2022, Counter-plaintiff posted certain information about Counter-defendants from a publicly available website source on a private Facebook forum page, Motorola P25/TRBO/TETRA Users, after Counter-plaintiff had come across the information in a general Google search for Counter-defendants, being engaged in the sale of radio parts.

3.      Counter-plaintiff, in responding to a responsive comment by a user in the Facebook group to the post, stated that he posted the information about Counter-defendants because he "Figured might as well share it so folks can stay informed."  The information stated on the Facebook post by Counter-plaintiff was located on a publicly available source, which also contained court documents, and Counter-plaintiff's reposting of the information is protected speech under the First Amendment of the U.S. Constitution as well as the Texas Constitution. Counter-plaintiff's statements and comments within that Facebook post were also protected speech for the same reasons.

4.      Counter-plaintiff has maintained that he did in-fact make the Facebook post on June 11, 2022 and associated replies to the same Facebook post.  Counter-plaintiff expressed at least twice in the Facebook post that it was for information purposes and that he did not

discourage doing business with Counter-defendants; Counter-plaintiff explicitly said, "…nowhere here does it say don't [do business with them]. Its just information…"

5.    Bryan Fields, an administrator and member user of the private Facebook group, made a comment to the post made by Counter-plaintiff. The comment made by Mr. Fields was "so i didn't expect this to be posted here, but such is life. Until last week I've not had issue with Ken Bryant, but he messaged me out of the blue claiming that I worked for him and he was going to sue me. Upon speaking with others, I found it was a…". Mr. Fields had divulged that he was the creator of the website that contained the information that Counter-plaintiff had posted in the Facebook forum. It is clear by Mr. Fields statement that he did not expect the information to be posted to the private Facebook forum group and demonstrates that Counter-plaintiff was not any conspirator or in conspiracy with Mr. Fields, who by Counter-defendants own admission Counter-defendant Mr. Bryant had made false statements against prior to June 11, 2022.

6.    Mr. Bryant filed suit against Counter-plaintiff on or about December 5, 2022, for defamation, tortuous interference, intentional inflection of emotional distress, among other causes of action (similarly raised in this case), in Cause No. 22-CVS-14854, *Kenneth Bryant v. Bryan Donald Fields and Carsten Jason Gallini*, In the General Court of Justice – Superior Court Division, Wake County, North Carolina. Counter-defendants later amended the state court complaint to add Bryant Enterprises, LLC as an additional plaintiff.

7.    Counter-defendants have published statements against Counter-plaintiff that Counter-plaintiff has engaged in a conspiracy and has committed several acts of wrongdoing.

8.    Counter-defendants have wrongfully accused Counter-plaintiff of criminal activity several times and especially by definitively stating that "by sending or conspiring to send fraudulent stickers and business cards in the United States mail system, Gallini and Fields have

violated 18 U.S.C. § 1341, pertaining to mail fraud, along with public policy." *See* Plfs. Complaint at no. 49.

9.      Counter-plaintiff has expressed to Counter-defendants no involvement with any such activities, i.e. mailings, stickers, letters, regarding Counter-defendants. Counter-defendants knowingly have no proof of any involvement by Counter-plaintiff in the dissemination, mailing, creation, etc. of letters, stickers, magnets, and mailings regarding Counter-defendants.

10.     Counter-defendants have stated that non-party Mr. Fields has been involved in similar activities in the past, yet Counter-defendants knowingly and intentionally advance the false statements about Counter-plaintiff, which appears to be with malice and for retaliatory purposes for the Facebook post made by Counter-plaintiff.

11.     Counter-defendants have continued their relentless attack on Counter-plaintiff, which has damaged his reputation and caused injury.

## A.      Defamation Per Se and Per Quod

12.     Counter-plaintiff reasserts and incorporates by reference all of the foregoing allegations in this Counterclaim section.

13.     Counter-defendants, Mr. Bryant and Bryant Enterprises, LLC, individually and severally, published numerous false statements to third parties regarding Counter-plaintiff. Specifically, Counter-defendants stated that Counter-plaintiff committed mail fraud and created, disseminated and published false material about Counter-defendants. Counter-defendants have claimed that Counter-plaintiff has engaged in wrongful activities while attending Hamvention.

14.     Counter-defendants made these statements with malice or at least the requisite degree of negligence. The statements were retaliatory against Counter-plaintiff for the posting

he made on Facebook on or about June 11, 2022, under his First Amended to the U.S. Constitution right.

15.    The statements made by Counter-defendants have caused actual damages Counter-plaintiff's reputation, i.e. the filing of a now published lawsuit against Counter-plaintiff which must be disclosed in the future, among other damages.

### XIII.    COUNTERCLAIM DAMAGES

16.    General damages, such as loss of reputation, are presumed in a claim for defamation per se. *In re Lipsky,* 460 S.W.3d 579, 596 (Tex. 2015). Defamation per se includes accusing someone of a crime. *Id.* Several of Counter-defendants statements do not require proof of damages under defamation per se.

17.    Many of the statements made by Counter-defendants appear to rise to defamation per quod. Counter-plaintiff has sustained loss of reputation damages and further seeks exemplary damages because Counter-defendants published the defamatory statements with actual malice and in retaliation against Counter-plaintiff.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that his answer be deemed good and sufficient and all claims by Plaintiffs against Defendant be dismissed, with prejudice; that Defendant's counterclaim be adjudged against Plaintiffs; and for such other and further relief, legal and equitable, including attorney's fees, be awarded Defendant.

Dated:  October 26, 2024

Respectfully submitted,

**THE GALLINI FIRM, PLLC**

By: _____

S. Jason Gallini
State Bar No. 24044887
**The Gallini Firm, PLLC**
PO Box 1283
Round Rock, TX 78680
(512) 238-8883
(512) 276-6742 Facsimile
jasongallini@gallinifirm.com
**ATTORNEY FOR DEFENDANT/
COUNTER-PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on October 26, 2024, a true and correct copy of the above was served upon

the following via electronic means as listed on the court's ECF noticing:

Kevin J. Terrazas
Terrazas PLLC
1001 S Capital of Texas Hwy
Bldg L, Ste 250
Austin, Texas 78746
kterrazas@terrazaspllc.com
**Attorney for Plaintiffs/Counter-defendants**

S. Jason Gallini
State Bar No. 24044887
**The Gallini Firm, PLLC**
PO Box 1283
Round Rock, TX 78680
(512) 238-8883
(512) 276-6742 Facsimile
jasongallini@gallinifirm.com
**ATTORNEY FOR DEFENDANT/
COUNTER-PLAINTIFF**

21