IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **KENNETH BRYANT,** §<br>**BRYANT ENTERPRISES, LLC** §<br>　　*Plaintiffs*, §<br> §<br>**v.** §<br> §<br>**CARSTEN JASON GALLINI** §<br>　　*Defendant.* § | **Cause No. 1:24-cv-986** |

## PLAINTIFFS MOTION TO DISMISS AND PLEA IN ABATEMENT

Plaintiffs Kenneth Bryant and Bryant Enterprises, LLC ("Plaintiffs") respectfully move to dismiss Defendant Carsten Jason Gallini's ("Defendant" or "Mr. Gallini") crossclaims against them. Mr. Gallini asserts crossclaims for defamation, but complains only of legally protected statements that do not, as a matter of law, amount to defamation. Therefore, the Court should dismiss Mr. Gallini's counterclaims. Alternatively, because Mr. Gallini has failed to issue the pre-suit demand mandated by Texas statute, the Court should abate this matter.

### I. BACKGROUND

Plaintiffs allege that Mr. Gallini has participated in a conspiracy and joint enterprise to publish and disseminate defamatory statements about them. Plaintiffs initiated this lawsuit to hold Mr. Gallini accountable for his role in this conspiracy.

Along with his Answer, Mr. Gallini filed counterclaims against Plaintiffs for defamation. However, the only allegedly defamatory communications he identified are statements contained in Plaintiffs' Complaint:

| Crossclaim Paragraph | Alleged Defamatory Statement | Paragraphs in Plaintiffs' Complaint with corresponding allegation |
|---|---|---|

1

| 7 | "[Mr. Gallini] has engaged in a conspiracy and has committed several acts of wrongdoing." | 16 *et seq.* |
|---|---|---|
| 8 | Mr. Gallini has engaged in "criminal activity … by sending or conspiring to send fraudulent stickers and business cards in the United States mail system." | 49 |
| 13 | "[Mr. Gallini] committed mail fraud and created, disseminated and published false material about [Plaintiffs and] …. engaged in wrongful activities while attending Hamvention." | 16 *et seq*, 40 *et seq.*, & 49. |

## II.   ARGUMENT

**A. The statements about which Mr. Gallini complains are privileged legal pleadings, not defamatory statements.**

In his counterclaim, Mr. Gallini complains that Plaintiffs have wrongfully published three general accusations against him: (1) Mr. Gallini has been involved in a conspiracy and committed wrongful acts; (2) Mr. Gallini has violated federal law and committed mail fraud; and (3) Mr. Gallini engaged in inappropriate actions at a radio convention.  *See* Dkt. 6 (Gallini Counterclaim) at 18-19 ¶¶ 7, 8, & 13.  All three accusations appear in Plaintiffs' Original Complaint, and when Mr. Gallini cites specific statements that Plaintiffs have made, he cites only to allegations contained within that Complaint. *See, e.g.*, Dkt. 1 (Complaint) at 5 ¶ 22 (accusing Mr. Gallini of conspiratorial and wrongful acts against Plaintiffs); *id*. at 12 ¶ 40 *et seq.* (accusing Mr. Gallini of publishing defamatory materials and defacing property at a radio convention).  Mr. Gallini has not identified any accusations published outside of Plaintiffs' legal pleadings.

The allegations contained in Plaintiffs' Original Complaint do not amount to defamation as a matter of law.  "The judicial-proceedings privilege is an absolute privilege that covers 'any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case.'"  *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 46 (Tex. 2021) (quoting *James v. Brown*, 637 S.W.2d 914, 916-17 (Tex. 1982)).

"The privilege facilitates the proper administration of justice by promoting 'full and free disclosure of information . . . by participants in judicial proceedings.'" *Id*. (quoting *Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015)). "The judicial-proceedings privilege exists to facilitate the proper administration of the justice system. It does so by relieving the participants in the judicial process from fear of retaliatory lawsuits for statements they make in connection with the proceeding itself." *Id*. at 48.

Here, even if the statements identified could be the basis for defamation (which Plaintiffs deny), Gallini's claim must be dismissed because those statements are contained in a judicial pleading and thus are absolutely privileged. Therefore, Gallini's counterclaim must be dismissed.

### B. Mr. Gallini failed to issue the mandatory retraction demand.

The Texas Civil Practices and Remedies Code permits a party to file a claim for defamation only if they have "made a timely and sufficient request for a correction, clarification, or retraction." TEX. CIV. PRAC. & REM. CODE § 73.055(a). Such a request must "state[] with particularity the statement[s] alleged to be false and defamatory and, to the extent known, the time and place of publication." *Id.* at § 73.055(d)(3). Because Mr. Gallini has made no such request or demand, he cannot maintain his defamation counterclaims.

Because Mr. Gallini has not made any other "timely and sufficient" retraction demand, the Court should dismiss his counterclaims for defamation per se and defamation per quod.

### III.  PLEA IN ABATEMENT

If the Court does not dismiss Mr. Gallini's counterclaims, it should abate the matter until he issues the required retraction demand, then consider the substantive issues raised in this Motion. As outlined above, Texas law only permits a claim for defamation after the claimant has made a request for retraction. Mr. Gallini has failed to issue any such request, so his counterclaims are foreclosed by Texas law.

3

## IV. CONCLUSION

For the reasons described above, Plaintiffs respectfully request that the Court dismiss Mr. Gallini's counterclaims with prejudice or, in the alternative, abate this matter until Mr. Gallini issues the required retraction demand. Plaintiffs also request such other and further relief as to which they are justly entitled.

Respectfully submitted,

**TERRAZAS PLLC**
1001 S. Capital of Texas Hwy
Bldg. L, Ste. 250
Austin, Texas 78746

By: */s/ Kevin J. Terrazas*
Kevin J. Terrazas
State Bar No. 24060708
kterrazas@terrazaspllc.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2024, I caused to be served a copy of the foregoing document on all counsel of record listed below, via electronic service.

/s/ *Kevin J. Terrazas*
Kevin J. Terrazas